UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 03-94 (DSD/HB)

United States of America,

       Plaintiff,

v.                                        **ORDER**

Mark Halley Smith,

       Defendant.


This matter is before the court upon the motion by defendant Mark Halley Smith to vacate conviction and sentence under 28 U.S.C. § 2255. Based upon a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.


**BACKGROUND**

On March 19, 2003, Smith pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). At sentencing and consistent with the presentence investigation report, the court determined that Smith was an armed career criminal under the Armed Career Criminal Act (ACCA), § 924(e)(1), due to the following previous Minnesota convictions: second degree burglary (January 7, 1994, and January 31, 1994); third degree burglary (February 2, 1994); escape from custody (August 23, 1994); and second degree burglary (November 20, 1998). The court applied the sentencing enhancement applicable under ACCA

and determined that Smith's guidelines range was 188 to 235 months and that the 180-month mandatory minimum under ACCA applied.  See ECF No. 35.  The court sentenced Smith to 180 months' imprisonment to be followed by five years of supervised release.  Id.

Smith was released from March 2, 2016, and began serving his term of supervised release that day.  He was reprimanded several times during supervision for alcohol and drug use and the conditions of his release were modified accordingly.  See ECF No. 79, at 1-2. On June 2, 2020, Smith's probation officer submitted a report alleging that Smith violated the terms and conditions of his supervised release in several respects.  ECF No.  57.  That report has since been modified to include the following violations: (1) Smith was convicted of domestic assault in Minnesota state court and received a sentence of probation; (2) Smith tested positive for marijuana and failed to report for scheduled random urinalysis on two occasions; (3) Smith failed to report for a scheduled meeting with the probation officer and failed to contact the officer on request; and (4) Smith has failed to complete a chemical dependency evaluation as directed. See ECF No. 79, at 2-3.  Smith was detained pending his initial appearance relating to the violations, but has since been released.  Smith argues that under recent decisions in Johnson v. United States, 576 U.S. 591 (2015), United States v. McArthur, 850 F.3d 925 (8th Cir.

2017), and <u>Chazen v. Marske</u>, 938 F.3d 851 (7th Cir. 2019), he should no longer be considered a career offender and that, as a result, he should be resentenced to the maximum allowable sentence as a non-ACCA felon:  120 months' imprisonment and three years of supervised release.  Smith argues that if the court does so, his supervision would have ended on March 2, 2019, and the instant violations would not be actionable.  He requests that the court terminate him from supervised release immediately.

## DISCUSSION

### I.   Standard of Review

Section 2255 provides a defendant with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court.  This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal.  <u>United States v. Apfel</u>, 97 F.3d 1074, 1076 (8th Cir. 1996).  "Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice."  <u>Sun Bear v. United</u>

_States_, 644 F.3d 700, 704 (8th Cir. 2011) (internal quotation marks and citations omitted).

**II.  Merits**

Under the ACCA, a defendant with three or more previous convictions for a "violent felony" faces at least fifteen years' imprisonment. _See_ 18 U.S.C. 924(e).  A "violent felony" is any crime that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the force clause); or (2) "is burglary, arson, or extortion, involves the use of explosives" (the enumerated-offense clause), or "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause).  18 U.S.C. §§ 924(e)(2)(B)(i)–(ii).  As noted, at the time of sentencing, Smith had more than three prior convictions that the court deemed to be violent felonies.  The court therefore sentenced him under the ACCA. Since then, however, relevant case law has altered the "violent felony" analysis.

In _Johnson_, the Supreme Court struck down the residual clause as unconstitutionally vague.  _See Johnson_, 135 S. Ct. at 2563.  And in _McArthur_, the Eighth Circuit held that Minnesota's third-degree burglary statute was not a predicate violent felony under the ACCA.  850 F.3d at 940.  Likewise, in _Chazen_, the Seventh Circuit

4

held that a conviction for Minnesota second-degree burglary does not qualify as a predicate violent felony under the ACCA. 938 F.3d at 859-60. Other judges in this District have persuasively held that, consistent with Johnson, McArthur, and Chazen, prior convictions for second and third degree burglary under Minnesota law are not "violent felonies" and therefore do not constitute predicate offenses under the ACCA. See United States v. Isaacson, No. 07-320, 2020 WL 6566466, at *2-3 (D. Minn. Nov. 9, 2020); United States v. Boldt, No. 09-37, 2020 WL 5407910, at *2 (D. Minn. Sept. 9, 2020); United States v. Raymond, No. 14-26, 2020 WL 2769268, at *4-6 (D. Minn. May 28, 2020); United States v. Bugh, Nos. 11cr72, 19cv2540, 2020 WL 2320141, at *8-15 (D. Minn. May 11, 2020).

Based on the foregoing cases, the court finds that Smith's four previous burglary convictions do not constitute predicate offenses under the ACCA. As a result, Smith is "actually innocent" of being an armed career criminal and the court must vacate the previously imposed sentencing enhancement under the ACCA.[1]

---

[1] A motion under § 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Smith's motion falls outside of this limitation period. Smith argues that he is entitled to relief despite this procedural default because he has demonstrated "actual innocence." This exception to procedural default applies when the defendant is actually innocent of the crime of conviction. See Lofton v. United States, 920 F.3d 572, 576-77 (8th Cir. 2019) (noting that an "illegal sentence presents a 'miscarriage of

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.    The motion to vacate conviction and sentence [ECF No. 75] is granted;

2.    Defendant is resentenced to 120 months imprisonment to be followed by three years of supervised release; and

3.    Because defendant has already served more than three years of supervised release, he is terminated from supervised release effective immediately.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: November 23, 2020          s/David S. Doty
                                  _____
                                  David S. Doty, Judge
                                  United States District Court

---

justice' that § 2255 permits us to correct, despite his failure to raise the issue earlier"). Here, the court finds that it may properly consider Smith's motion and grant the relief he seeks because his claim falls within the actual-innocence exception to the statute of limitations. Specifically, as discussed, Smith is actually innocent of being an armed career criminal.